818 F.2d 1257
 44 Fair Empl.Prac.Cas. 1499,
43 Empl. Prac. Dec. P 37,107,
44 Empl. Prac. Dec. P 37,410
Buetine DEMERY, Plaintiff-Appellant,
v.
CITY OF YOUNGSTOWN, Patrick Ungaro, and Randall A.
Wellington, Defendants- Appellees.
 No. 86-3261.
 United States Court of Appeals,
Sixth Circuit.
 Argued March 13, 1987.
Decided May 12, 1987.
 
 E. Winther McCroom, Youngstown, Ohio, William L. Robinson, Richard T. Seymour, John P. Relman, Lawyers Committee for Civil Rights Under Law, Washington, D.C., for plaintiff-appellant on rehearing.
 William Higgins, City Law Dept., Youngstown, Ohio, Richard LaCivita, Cheryl L. Waite, argued, for defendants-appellees.
 Before ENGEL, KRUPANSKY and GUY, Circuit Judges.
 KRUPANSKY, Circuit Judge.
 
 
 1
 Plaintiff-appellant Buetine Demery (Demery) appealed from the district court's judgment dismissing his civil rights claims as time-barred in this action commenced pursuant to 42 U.S.C. Secs. 1981[1] and 1983. The defendants-appellees are the City of Youngstown, Ohio (Youngstown or City), the Mayor of Youngstown, Patrick Ungaro, and the Youngstown Chief of Police, Randall A. Wellington.
 
 
 2
 The record disclosed the following facts. Demery, a black male, was awarded a provisional civil service appointment to the position of patrolman in the Youngstown Police Department on October 5, 1981. On July 11, 1982, Demery was on duty at the city jail when a prisoner "escaped," and on July 12, 1982, Demery was discharged for violating several department rules and regulations with regard to the incident. After his discharge, an investigation was conducted concerning the escape, and Demery was indicted in the Court of Common Pleas for Mahoning County, Ohio for aiding and abetting in the escape. The indictment was later dismissed after the prosecutor determined that insufficient evidence existed to support a conviction.
 
 
 3
 On April 24, 1985, approximately three years after his discharge, Demery commenced this action seeking relief under 42 U.S.C. Secs. 1981 and 1983. On February 18, 1986, the defendants moved for summary judgment, which was granted by the district court on February 21, 1986. The district court determined that the Supreme Court's decision in Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), which directed federal courts to apply each state's personal injury statute of limitations in Sec. 1983 actions, was equally applicable in Sec. 1981 actions. The court therefore concluded that Demery's Sec. 1981 action was time-barred under Ohio's applicable one year personal injury statute of limitations as mandated by Mulligan v. Hazard, 777 F.2d 340 (6th Cir.1985), cert. denied, --- U.S. ----, 106 S.Ct. 2902, 90 L.Ed.2d 988 (1986).[2] Demery thereafter commenced this timely appeal challenging only the dismissal of his Sec. 1981 claim.
 
 
 4
 Generally, when Congress has not enacted a statute of limitations expressly applicable to a particular federal cause of action, federal courts will borrow and "apply the most closely analogous statute of limitations under state law." Del Costello v. International Bhd. of Teamsters, 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983). In Wilson v. Garcia, supra, the Supreme Court directed lower federal courts confronted with Sec. 1983 actions to apply each state's statute of limitations for personal injury actions in determining whether the claims were time-barred.
 
 
 5
 A catalog of other constitutional claims that have been alleged under Sec. 1983 would encompass numerous and diverse topics and subtopics: discrimination in public employment on the basis of race or the exercise of First Amendment rights, discharge or demotion without procedural due process, mistreatment of schoolchildren, deliberate indifference to the medical needs of prison inmates, the seizure of chattels without advance notice or sufficient opportunity to be heard--to identify only a few. If the choice of the statute of limitations were to depend upon the particular facts or the precise legal theory of each claim, counsel could almost always argue, with considerable force, that two or more periods of limitations should apply to each Sec. 1983 claim. Moreover, under such an approach different statutes of limitations would be applied to the various Sec. 1983 claims arising in the same State, and multiple periods of limitations would often apply to the same case. There is no reason to believe that Congress would have sanctioned this interpretation of its statute.
 
 
 6
 * * *
 
 
 7
 * * *
 
 
 8
 Although the need for national uniformity "has not been held to warrant the displacement of state statutes of limitations for civil rights actions," Board of Regents v. Tomanio, 446 U.S. , at 489, 100 S.Ct. [1790] at 1797 [64 L.Ed.2d 440], uniformity within each State is entirely consistent with the borrowing principle contained in Sec. 1988. We conclude that the statute is fairly construed as a directive to select, in each State, the one most appropriate statute of limitations for all Sec. 1983 claims. The federal interests in uniformity, certainty, and the minimization of unnecessary litigation all support the conclusion that Congress favored this simple approach.
 
 
 9
 105 S.Ct. at 1946-47 (footnotes omitted).
 
 
 10
 Several circuits have addressed the issue joined herein, and have decided that the reasoning of Wilson v. Garcia is equally applicable to causes of action arising pursuant to 42 U.S.C. Sec. 1981 and that the same statute of limitations mandated by Wilson v. Garcia also applies to actions anchored in Sec. 1981. The Tenth Circuit approached the issue as one analogous to its decision in Garcia v. Wilson, 731 F.2d 640 (10th Cir.1984) (en banc). In Garcia v. Wilson, the Tenth Circuit concluded that each state's personal injury statute of limitations governed all Sec. 1983 actions brought within that state, which conclusion was affirmed by the Supreme Court in Wilson v. Garcia, supra. In Equal Employment Opportunity Comm'n v. Gaddis, 733 F.2d 1373, 1377 (10th Cir.1984), the Tenth Circuit determined that its decision in Garcia v. Wilson was applicable to Sec. 1981 actions, thereby requiring the application of the same personal injury statute of limitations in both Sec. 1981 and Sec. 1983 actions:
 
 
 11
 The rationale supporting our conclusion in Garcia is equally applicable to claims brought under section 1981. "The interests protected and the evil sought to be remedied are similar under both Sec. 1981 and Sec. 1983, and no significant reason exists to justify differentiating between them for limitation purposes." Accordingly, adopting the analysis set out in Garcia, we hold that all section 1981 claims are in essence actions for injury to personal rights.
 
 
 12
 Id. at 1377 (citations omitted).
 
 
 13
 The Third Circuit also concluded that the Supreme Court's decision in Wilson was applicable to Sec. 1981 actions, and held, "therefore, that the personal injury statute of limitations of the forum state supplies the most analogous statute of limitations for actions brought under Sec. 1981." Goodman v. Lukens Steel Co., 777 F.2d 113, 120 (3d Cir.1985), cert. granted, --- U.S. ----, 107 S.Ct. 568, 93 L.Ed.2d 573 (1986). The court reasoned that the direction of 42 U.S.C. Sec. 1988[3] to borrow and apply state law in civil rights actions applied to both Sec. 1981 and Sec. 1983; that Sec. 1981, like Sec. 1983, protected a broad range of federal rights with each separate claim arguably controlled by a different state statute of limitations for an analogous state cause of action; and that a substantial overlap existed between the types of claims brought under each section.
 
 
 14
 Similarly, in Banks v. Chesapeake & Potomac Tel. Co., 802 F.2d 1416 (D.C.Cir.1986), the District of Columbia Circuit stated:
 
 
 15
 Although the Supreme Court has not considered whether the same statute of limitations should apply in Sec. 1981 suits as in Sec. 1983 suits, see Burnett v. Grattan, 468 U.S. 42, 48 n. 11, 104 S.Ct. 2924, 2929, n. 11, 82 L.Ed.2d 36 (1984), we find the reasoning of Garcia to be persuasive in this context as well. As an initial matter, it is clear that the same statutory directive applies to both types of claims. See 42 U.S.C. Sec. 1988 (1982). Similarly, the Court's emphasis in Garcia on avoiding collateral litigation over the applicable statute of limitations is equally compelling here. Both Sec. 1983 and Sec. 1981 provide remedies for a broad range of actions that could be characterized as various state torts. Allowing the characterization to turn on the particular facts of a case presents the same threat of excessive collateral litigation. Thus the Court's conclusion that Sec. 1988 "is fairly construed as a directive to select, in each State, the one most appropriate statute of limitations," Garcia, 471 U.S. at 275, 105 S.Ct. at 1947, is equally applicable here.
 
 
 16
 More importantly, we see no difference between the central objectives of Sec. 1981 and Sec. 1983--each a product of the Reconstruction Era--for the purposes of applying Garcia to Sec. 1981 claims. Both statutes were enacted "to ensure that individuals whose federal Constitutional or statutory rights are abridged [could] recover damages or secure injunctive relief." Burnett, 468 U.S. at 55, 104 S.Ct. at 2932. Section 1981, like Sec. 1983, broadly protects the right of all persons "to the full and equal benefit of all laws and proceedings for the security of persons and property." 42 U.S.C. Sec. 1981 (1982). A violation of that command is a "personal injury" in very much the same sense as is a violation of Sec. 1983.
 
 
 17
 * * *
 
 
 18
 * * *
 
 
 19
 Moreover, characterization of Sec. 1981 claims as personal injury actions is far from unique. Indeed, before Garcia, courts frequently characterized claims brought under both statutes as personal injury claims. * * * Thus we conclude that characterization of Sec. 1981 claims as personal injury actions is both appropriate and accurate.
 
 
 20
 Id. at 1421-22 (footnote and citations omitted).
 
 
 21
 The Eleventh Circuit has also stated that Wilson v. Garcia should be applied to Sec. 1981 actions. Friedlander v. Troutman, Sanders, Lockerman & Ashmore, 788 F.2d 1500, 1503 n. 2 (11th Cir.1986) ("The same single limitations period should apply to Sec. 1981 claims.")
 
 
 22
 This court has reviewed with interest the Seventh Circuit's decision in Nazaire v. Trans World Airlines, Inc., 807 F.2d 1372, 1380 n. 5 (7th Cir.1986) wherein it concluded that the statute of limitations applicable to Sec. 1981 actions to be the limitations period that applies to actions in contract. In essence, the Seventh Circuit in arriving at its declaration adopted the reasoning of Judge Garth's dissent in Goodman v. Lukens Steel Co., supra. Balancing the comparative analyses of the Seventh Circuit and Judge Garth's dissent against the decisions of the Third Circuit in Goodman v. Lukens Steel Co., the Eleventh Circuit, the D.C. Circuit in Banks v. Chesapeake & Potomac Telephone Co., and the Tenth Circuit in Equal Employment Opportunity Comm'n v. Gaddis, it is the conclusion of this court that the latter arguments are more appealing and persuasive in logic and in alignment with the intent and purpose of the expressions of the Supreme Court in Wilson v. Garcia.
 
 
 23
 In characterizing Sec. 1983 for statute of limitations purposes, the Supreme Court in Wilson v. Garcia has directed that lesser courts consider the elements of the underlying cause of action and the congressional purpose in providing it. Although the Supreme Court has not considered whether the same statute of limitations should apply in Sec. 1981 actions as in Sec. 1983 controversies, the reasoning of Garcia is convincing and applies equally to defining a directive to select, in each state, the one most appropriate statute of limitations to be applied in Sec. 1981 suits. The Court noted that the statutory direction of Sec. 1988 applied to both Secs. 1981 and 1983, as well as to other Reconstruction Civil Rights claims. 105 S.Ct. at 1942. 42 U.S.C. Sec. 1988 provides, in part:
 
 
 24
 Sec. 1988. Proceedings in vindication of civil rights;
 
 
 25
 attorney's fees
 
 
 26
 The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this Title, and of Title "CIVIL RIGHTS," and of Title "CRIMES," for the protection of all persons in the United States in their civil rights, and for their vindication, ...
 
 
 27
 Both sections afford remedies for a broad range of actions that are logically and comfortably characterized as various state torts.
 
 
 28
 As a legacy from the Reconstruction Era, both sections emerged with the common objective of affording individuals asylum from an invasion of constitutionally protected rights through due process and equal protection of the law. The Third Circuit in Goodman v. Lukens Steel Co. observed that:
 
 
 29
 Present day Sec. 1981's predecessor was founded on the Thirteenth Amendment that allows "neither slavery nor involuntary servitude" to exist any longer. It is difficult to imagine a more fundamental injury to the individual rights of the person than the evil that comes within the scope of that amendment. Also of significance is that in Runyon v. McCrary, [427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976) ], the Supreme Court accepted the use of a state's personal injury statute of limitations in a Sec. 1981 case. 427 U.S. at 180-82, 96 S.Ct. at 2599-2600.
 
 
 30
 Moreover, in its reenactment of Sec. 1981 in 1870, Congress looked to constitutional authority embodied in the Fourteenth, as well as in the Thirteenth Amendment. Croker v. Boeing Company, 662 F.2d 975, 987 (3d Cir.1981) (in banc ); see also General Building Contractors Ass'n., Inc. v. Pennsylvania, 458 U.S. 375, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982). Consequently, much of the body of law developed under the Fourteenth Amendment is helpful in the interpretation of Sec. 1981.
 
 
 31
 777 F.2d at 119-20.
 
 
 32
 It is apparent from tracking the remedies available under both Secs. 1981 and 1983 that there exists a substantial overlap. In Banks v. Chesapeake, the D.C. Circuit succinctly summarized in quoting from Burnett v. Grattan, 468 U.S. 42 at 55, 104 S.Ct. at 2932:
 
 
 33
 Section 1981, like Sec. 1983, broadly protects the right of all persons "to the full and equal benefit of all laws and proceedings for the security of persons and property." 42 U.S.C. Sec. 1981 (1982). A violation of that command is a "personal injury" in very much the same sense as is a violation of Sec. 1983. As the Court explained in Garcia,
 
 
 34
 The unifying theme of the Civil Rights Act of 1871 is reflected in the language of the Fourteenth Amendment that unequivocally recognizes the equal status of every "person " subject to the jurisdiction of any of the several States. The Constitution's command is that all "persons " shall be accorded the full privileges of citizenship; no person shall be deprived of life, liberty, or property without due process of law or to be denied the equal protection of the laws. A violation of that command is an injury to the individual rights of the person.
 
 
 35
 471 U.S. at 277, 105 S.Ct. at 1948 (last emphasis added; footnote omited). See also Curtis v. Loether, 415 U.S. 189, 196 n. 10, 94 S.Ct. 1005, 1009 n. 10, 39 L.Ed.2d 260 (1974) (suggesting that racial discrimination be treated as a "dignitary tort"); Developments-Section 1981, 15 Harv. C.R./ C.L.L.Rev. 29, 224 (1980) (noting that some courts have characterized claims under Sec. 1981 as "dignitary torts"). Indeed, it is significant to note that in reaching the conclusion that Sec. 1983 claims are best characterized as "personal injury" claims, the Court cited two cases that held that Sec. 1981 claims are also appropriately characterized as "personal injury" claims. See Garcia, 471 U.S. at 278 n. 38, 105 S.Ct. at 1948 n. 38 (citing Runyon v. McCrary, 427 U.S. 160, 179-82, 96 S.Ct. 2586, 2598-2600, 49 L.Ed.2d 415 (1966)); McCausland v. Mason County Bd. of Educ., 649 F.2d 278, 279 (4th Cir.), cert. denied, 454 U.S. 1098, 102 S.Ct. 671, 70 L.Ed.2d 639 (1981)).
 
 
 36
 802 F.2d at 1421-22.
 
 
 37
 Accordingly, this court adopts the reasoning enunciated by the majority of the circuits that have addressed the issue and concludes that the characterization of Sec. 1981 claims as personal injury actions is both appropriate and accurate and that the statute of limitations to be applied to Sec. 1981 actions is the statute of limitations that applies to tort actions in each state. In summary, the Supreme Court decision in Wilson v. Garcia encompasses Sec. 1981 actions, and the same state personal injury statute of limitations applies equally to Secs. 1981 and 1983 controversies. Having previously determined that Wilson v. Garcia has retroactive effect and that the one year statute of limitations of Ohio Revised Code Sec. 2305.11 is the appropriate statute of limitations for Sec. 1983 actions, Mulligan v. Hazard, supra, this court resolves that the same limitation period is equally and retroactively applicable to Sec. 1981 suits. Demery's Sec. 1981 action, having been filed approximately three years after his discharge, is time-barred. The judgment of the district court is hereby AFFIRMED.
 
 
 38
 RALPH B. GUY, Jr., Circuit Judge, concurring.
 
 
 39
 When one concurs in both the result and reasoning of an opinion, it is seldom necessary or advisable to write separately. I do so here only because this is an important issue and one that has divided the circuits.[1] Additionally, we do have two prior opinions which have addressed this issue pre-Wilson, and at least one other case under consideration by another panel raising this same issue.[2]
 
 
 40
 Regardless of where one ultimately comes out on this issue, it appears clear that the Supreme Court's recent decision in Wilson must be the starting point for consideration. Since Wilson dealt with Sec. 1983 actions, the inquiry becomes what part of Wilson' § holding is appropriately applicable to Sec. 1981 actions by way of analogy? My own answer to that question is that the concept of looking to only one analogous state statute is predicated on a rationale that is equally applicable to Sec. 1981 actions. Whether that one state statute should be the general personal injury statute or whether it must be the same as that chosen for Sec. 1983 actions is less clear. To answer both of these questions affirmatively provides a certain comforting symmetry. However, if exact symmetry is the goal, this may be a matter more appropriately addressed by Congress rather than the courts. Wilson still leaves us with vast differences in limitation periods possible from state to state even in Sec. 1983 cases.
 
 
 41
 Notwithstanding some reservations,[3] I conclude that our decision here is the best resolution of the issue specifically put before us in this appeal. We are asked to choose between Ohio's six-year statute of limitations for liabilities created by statute (Ohio Rev.Code Sec. 2305.07) and the one-year statute adopted by this court for Sec. 1983 actions in Mulligan (Ohio Rev.Code Sec. 2305.11). It is not surprising that plaintiff urges the six-year statute upon us. This not only saves his cause of action here but also is not unreasonably predicated upon our earlier holding in Mason v. Owens-Illinois, Inc., 517 F.2d 520 (1975). If Wilson indeed orders us to "pick one," why not the one we earlier picked in Mason? Given the choice with which we are presented, however, I find a number of reasons for rejecting the six-year statute.
 
 
 42
 To begin with, I think we must address Mason. The starting point in dealing with Mason is that plaintiff conveniently overlooks the fact that Mason is not the only or even the latest pronouncement by this court on limitation periods for Sec. 1981 actions in Ohio. In Sutton v. Bloom, 710 F.2d 1188 (6th Cir.1983), we adopted a six-month statute. The explanation for this discrepancy is that this was at a period of time when we were not treating Sec. 1981 actions generically, but rather were drawing analogies between the specific facts of each case and the most analogous state limitations statute. Indeed, one of the principal beneficial results of Wilson (at least for Sec. 1983 actions) is to eliminate the type of discrepancy that exists between our decisions in Mason and Sutton. One starting a Sec. 1981 or Sec. 1983 action should not have to guess at his peril into which limitations pigeonhole the facts will fit.
 
 
 43
 Second, in Mason, the choice offered the court was between a statute of limitations applicable to state administrative agencies and the same six-year statute urged by plaintiff here. The principal rationale of Mason was that state administrative proceedings were not analogous to private actions seeking judicial relief.[4]
 
 
 44
 Third, Mason chose between the two statutes offered. There is no discussion by the court of other possible limitation periods. Without attempting to dwell unduly on Mason, it may be observed, however, that there are two obvious problems with the analogy to the Ohio six-year statute. The Ohio statute references "a liability created by statute." Section 1981 does not deal with liabilities; it deals with rights. I think this is more than just a picky semantic distinction. Furthermore, when the Mason court states in support of the analogy that "[p]laintiff's action is founded upon a federal statute, 42 U.S.C. Sec. 1981, creating a cause of action unknown at common law," 517 F.2d at 522, it may have been only partially correct. The rights enforceable under Sec. 1981 as under Sec. 1983 are those found elsewhere--for the most part in the Constitution. Section 1981 did not create rights but, rather, a convenient vehicle for their enforcement. If this "vehicle" had never been created, however, it appears clear the courts would have implied a direct cause of action under the Constitution as the Supreme Court did in Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and as we have done in such cases as Gordon v. City of Warren, 579 F.2d 386 (6th Cir.1978); Wiley v. Memphis Police Department, 548 F.2d 1247 (6th Cir.), cert. denied, 434 U.S. 822, 98 S.Ct. 65, 54 L.Ed.2d 78 (1977); Amen v. City of Dearborn, 532 F.2d 554 (6th Cir.1976); Hanna v. Drobnick, 514 F.2d 393 (6th Cir.1975); Bosely v. City of Euclid, 496 F.2d 193 (6th Cir.1974); Foster v. City of Detroit, 405 F.2d 138, 144 (6th Cir.1968); Foster v. Herley, 330 F.2d 87 (6th Cir.1964). But see Amen v. City of Dearborn, 718 F.2d 789 (6th Cir.1983) (Amen II), cert. denied, 465 U.S. 1101, 104 S.Ct. 1596, 80 L.Ed.2d 127 (1984); Jones v. City of Memphis, 586 F.2d 622 (6th Cir.1978), cert. denied, 440 U.S. 914, 99 S.Ct. 1230, 59 L.Ed.2d 164 (1979); Lenoir v. Porters Creek Watershed District, 586 F.2d 1081 (6th Cir.1978).
 
 
 45
 Lastly, and most importantly, Mason was pre-Wilson, and, arguably, the rules of the game have changed.
 
 
 46
 If plaintiff here had not had Mason to rely on, there is a high likelihood that he would have made the more common argument[5] that the analogy should be to the state limitations period dealing with contracts. He would not have to go far afield to make this argument, since the contract limitations period of six years (contracts not in writing) is found in the same section of the Ohio statutes on which plaintiff is already relying.
 
 
 47
 Although the courts that have adopted the contract analogy have relied heavily on legislative history, I think an additional lure lies within the language of Sec. 1981 itself when it speaks of the right "to make and enforce contracts." I also feel comfortable in concluding without burden of empirical data that the most frequent fact situation involved in Sec. 1981 litigation concerns the right to contract. Where the analysis falls down, however, is that Sec. 1981 cases are not contract actions. There is a considerable difference, for example, between suing on a contract and suing because you were denied on account of your race the right to contract. Not only is there a difference in these causes of action, but also there is a difference in the rationale behind the statutes of limitations relating to these types of actions.
 
 
 48
 In true contract actions there is (1) frequently a negotiated relationship (2) which may be ongoing and (3) which more often than not involves documentation or other memoranda of agreement and (4) often involves a breach occurring or discovered long after the original agreement was made. All contracts, whether written or not, involve a meeting of the minds. Under such circumstances, it is understandable that legislatures frequently provide long periods of limitations ranging, for example, in the State of Ohio from six to fifteen years.
 
 
 49
 Where it is your right to contract, however, that has been infringed upon, there is (1) certainly no meeting of the minds, (2) no relationship ever established, (3) an immediate and apparent injury, and (4) normally only the participants' memories of what occurred as the memorialization of the incident. This, at least to me, sounds like the type of situation typically covered by the shorter statutes of limitations such as are provided for personal injury actions.
 
 
 50
 I would also note that there is already considerable judicial gloss on Sec. 1981. Part of this gloss relates to the type of damages recoverable and includes such elements as emotional distress and punitive damages. These are tort damage concepts--not contract. Similarly, the element of intent critical to Sec. 1981 actions frequently plays no role in true contract actions unless contract interpretation is the issue.
 
 
 51
 My last group of reasons for concurring in this opinion all fall under the general heading of its being a practical solution. As my guide in this area, I look to Wilson which is nothing if it is not a practical decision. The Supreme Court tried to bring some order out of an ever growing chaos. Although our license to effect practical solutions may be more limited than theirs, I do not feel it is an inappropriate consideration when this type of "pay your money and take your choice" issue is before us.
 
 
 52
 Since there is a considerable overlap between what is covered under Sec. 1981 and Sec. 1983, e.g., employment discrimination on the basis of race, it is not hard to visualize potential problems arising from different periods of limitation. If you have a six-year statute of limitations for Sec. 1981 and a one-year statute for Sec. 1983, you would have emasculated the limitations period for Sec. 1983 cases in which such overlap exists. But, has not this historically always been the case? Technically "yes" but from a practical standpoint "no." It is not unusual for plaintiffs to sue as many defendants under as many different theories as is possible. For example, in civil rights actions, the combining of Sec. 1981 with Sec. 1983 and a liberal sprinkling of direct constitutional causes of action is the rule rather than the exception. When these cases were few in number this kind of shotgun approach was tolerated more often than not. Now that the federal courts are inundated with these cases, a judicial housecleaning is in order and indeed has begun.[6]
 
 
 53
 Additionally, if the six-year statute were chosen, there would not only be a non-principled difference in when one could bring a Sec. 1981 and a Sec. 1983 action, but also the difference itself might be discriminatory. The Supreme Court is still wrestling with the question of who is covered under Sec. 1981, but it appears clear, at least as of this writing, that its coverage is not coterminus with Sec. 1983. Just who would be left out and under what circumstances is unclear.
 
 
 54
 Lastly, I have been motivated, at least in part, in my concurrence by the same factors which led the Supreme Court to adopt the general personal injury statute rationale in Wilson. This is one of the most important statutes of limitations in all states and covers the type of litigation which most frequently finds its way to court. Any attempt by a state legislature to make arbitrary changes in the limitations periods relating to personal injury actions will not go unnoticed by the considerable number of persons and groups both within and without the legal community who are vitally interested.
 
 
 55
 KRUPANSKY, Circuit Judge.
 
 
 56
 On Rehearing.
 
 
 57
 Plaintiff=appellant Beutine Demery (Demery) had petitioned this court for regearing of its decision affirming the district court's dismissal of his 42 U.S.C. Sec. 1981 action as time-barred under Ohio's applicable one-year statute of limitations. Ohio Rev. Code Sec. 2305.11. In his petition, Demery argued that this court erred by applying the same statute of limitations to both Secs. 1981 and 1983 claims and by applying it retroactively to bar his Sec. 1981 claim. The Supreme Court, since this court's decision in this case, has confirmed this court's conclusion that Sec. 1981 claims, like Sec. 1983 claims, should be treated as personal injury actions when selecting the appropriate state statute of limitations applicable to such claims. Goodman v. Lukens Steel Co., --- U.S. ----, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987). Accordingly, this court reaffirms its determination that the one-year limitations period embodied in Ohio Rev. Code Sec. 2305.11 applies to both Secs. 1981 and 1983 claims for the reasons set forth in this court's opinion in Demery v. City of Youngstown, 818 F.2d 1257 (6th Cir. 1987).
 
 
 58
 With regard to the retroactive application of this decision, Demery directs this court's attention to the Supreme Court's recent decision in St. Francis College v. Al-Khazraji, --- U.S. ----, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987), wherein the Court affirmed the Third Circuit's refusal to apply its decision in Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir. 1985), aff'd --- U.S. ----, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987), retroactively. The Third Circuit in Goodman, like this court in the case at bar, determined that the same personal injury statute of limitations applied to both Secs. 1981 and 1983 actions. In affirming the Third Circuit's retroactivity determination, the Supreme Court noted that the circuit had previously applied Pennsylvania's six-year statute of limitations in Sec. 1981 actions, that the decision in Goodman overruled its prior holding by applying a shorter statute of limitations, and that the plaintiff was entitled to rely upon the prior decision applying the longer limitations period. Under these circumstances, the Court concluded that the Third Circuit properly refused to apply Goodman retroactively.
 
 
 59
 This court, like the Third Circuit, had previously held that Ohio's six-year statute of limitations, Ohio Rev. Code Sec. 2305.07, applied in Sec. 1981 employment discrimination actions. Mason v. Owens-Illinois, Inc., 517 F.2d 520 (6th Cir. 1975). Demery reasonably relied upon Mason in filing this action approximately three years after his discharge from the Youngstown Police Department. This court therefore concludes that in circumstances where this decision would mandate the application of a chorter limitations period than had previously been applied in Sec. 1981 actions, it should not be applied retroactively. Accordingly, the petition for rehearing is GRANTED, and the judgment of the district court is REVERSED and the case is REMANDED for further proceedings not inconsistent with this opinion.
 
 
 
 [1]
 42 U.S.C. Sec. 1981 provides:
 All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
 
 
 [2]
 In Mulligan v. Hazard, this court determined that Ohio's one year statute of limitations for libel, slander, assault, battery, malicious prosecution, false imprisonment, and malpractice, Ohio Rev.Code Sec. 2305.11, was the most appropriate personal injury statute of limitations for Sec. 1983 actions. The Mulligan court also concluded that Wilson was to be applied retroactively
 
 
 [3]
 42 U.S.C. Sec. 1988 requires that Secs. 1981 and 1983 actions be governed by "the common law, as modified and changed by the Constitution and statutes of the State wherein the court having jurisdiction of [the] civil ... cause is held, so far as the same is not inconsistent with the Constitution and statutes of the United States."
 
 
 [1]
 The Supreme Court granted certiorari in Goodman v. Lukens Steel Co., 777 F.2d 113 (3rd Cir.1985), and heard oral arguments on April 1, 1987
 
 
 [2]
 Mason v. Owens-Illinois, Inc., 517 F.2d 520 (6th Cir.1975); Sutton v. Bloom, 710 F.2d 1188 (6th Cir.1983), and Black Law Enforcement Officers Assn. v. City of Akron, Nos. 86-3087, 86-3242 (6th Cir. argued Jan. 27, 1987)
 
 
 [3]
 My reservations stem from the fact that I believe Justice O'Connor had the better of the arguments in her dissent in Wilson, and if writing in Mulligan I would have opted for Ohio's two-year statute rather than the one-year statute chosen
 
 
 [4]
 However, the period of time rejected in Mason was one year, the same time period we now sanction
 
 
 [5]
 See Nazaire v. Trans World Airlines, Inc., 807 F.2d 1372 (7th Cir.1986), and Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir.1985) (dissent)
 
 
 [6]
 Wilson is an example but certainly not the only recent one from the Supreme Court. There also are a plethora of recent cases construing and generally limiting Sec. 1983 actions, for example. Another illustration is our own very recent decision in Thomas v. Shipka, 818 F.2d 496 (6th Cir.1987), where we held there is no longer a right to bring a direct constitutional action where Sec. 1983 applies