843 F.2d 1392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Peter SOLOMON, Plaintiff-Appellant,
v.
CITY OF AKRON, OHIO; Tom Sawyer, In His Official Capacity
Only Mayor of the City of Akron; Roy L. Ray, In His
Individual Capacity; Joseph Wheeler, In His Individual and
Official Capacity Member, Civil Service Commission; Ike
Gold, In His Individual and Official Capacity Member, Civil
Service Commission; Sidney Foster, In His Individual and
Official Capacity Member, Civil Service Commission,
Defendants-Appellees.
 No. 87-3059.
 United States Court of Appeals, Sixth Circuit.
 April 7, 1988.
 
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges and JULIAN A. COOK, Jr., District Judge.*
 ORDER
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 Plaintiff appeals the dismissal of his employment discrimination action filed under 42 U.S.C. Sec. 1981 as barred by Ohio's one-year statute of limitations, Ohio Rev. Code Sec. 2305.11. The district court also dismissed plaintiff's claim filed under 42 U.S.C. Sec. 1985 for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), and implicitly declined to exercise jurisdiction over a pendent state claim.
 Plaintiff filed his complaint in the district court on February 5, 1986 alleging that he was fired from his job on February 8, 1982 because he is black. Although this court has decided that Ohio's one-year statute of limitations is applicable to actions filed under 42 U.S.C. Sec. 1981, this decision will not be applied where it "would mandate application of a shorter limitations period than had previously been applied." Demery v. City of Youngstown, 818 F.2d 1257, 1264 (6th Cir.1987). Here, plaintiff's Sec. 1981 claim is not barred because plaintiff relied upon prior precedent applying Ohio's six-year statute of limitations, Ohio Rev. Code Sec. 2305.07, in circumstances indistinguishable from those in Demery. Accordingly, the dismissal of plaintiff's Sec. 1981 claim must be vacated.
 
 
 1
 Plaintiff does not contend that the dismissal of his claim brought pursuant to 42 U.S.C. Sec. 1985 was improper. Therefore, plaintiff has abandoned this claim. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). However, we note that the district court, in its complete discretion, may still consider plaintiff's pendent claim anew in light of the required remand.
 
 
 2
 For the foregoing reasons, the judgment of the district court is vacated pursuant to Rule 9(b)(6), Rules of the Sixth Circuit, and the case is remanded to the district court for further proceedings.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., U.S. District Judge for the Eastern District of Michigan, sitting by designation