860 F.2d 1078
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kevin B. CARLISLE, Plaintiff-Appellant,
v.
TRW, INC. and Argo-Tech Corporation, Defendants-Appellees.
 No. 87-3630.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1988.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Kevin B. Carlisle, appeals the District Court's grant of summary judgment in favor of defendants-appellees TRW, Inc. and Argo-Tech Corporation in plaintiff's section 1981 action. The District Court found plaintiff's action time-barred under Ohio's applicable one year statute of limitations. See Ohio Rev.Code Ann. Sec. 25.011 (Page 1981). Carlisle raises two arguments on appeal. Carlisle argues first that under Demery v. City of Youngstown, 818 F.2d 1257 (6th Cir.1987), modified on rehearing, id., at 1263, the District Court should have applied a six year statute of limitations to his claim rather than the one year statute retroactively applied by the District Court. Second, even if the shorter statute of limitations applies, Carlisle maintains that he effectively filed within the appropriate time limit. We accept plaintiff's first argument and therefore, reverse the order of the District Court and remand for further proceedings.
 
 
 2
 Carlisle, a 'certified inspector' employed by TRW and its successor Argo-Tech, applied for a promotion to the position of 'layout inspector.' After Carlisle filed a charge against TRW with the Ohio Civil Rights Commission in connection with his application, TRW, in a settlement agreement dated July 1, 1985, agreed to promote Carlisle to the layout inspector position conditioned upon his satisfaction of certain performance criteria by the end of a 90 day probationary period. During a meeting toward the end of the 90 day period on November 13, 1985, TRW's management informed Carlisle that he had failed to meet the requisite performance level. The management allegedly informed Carlisle at that time that his authorization as layout inspector would be removed immediately. Carlisle received written confirmation of this decision on November 15, 1985.
 
 
 3
 Carlisle filed the present section 1981 action on November 17, 1986--one year and four days after notification of his demotion and one year and two days after Carlisle received written confirmation. Defendants filed a motion to dismiss or in the alternative for summary judgment contending that under Demery (as originally written) the complaint was barred because section 1981 claims are governed by Ohio's one year statute of limitations. Defendants argued that Carlisle's cause of action accrued on November 13, 1985 and the complaint was not timely since it was filed more than one year later. The District Court granted the defendants' motion.
 
 
 4
 Carlisle argues that the Demery decision mandating application of a one year statute of limitations in Ohio for section 1981 actions should not be applied retroactively because on rehearing the Demery court explicitly stated that "in circumstances where this decision would mandate the application of a shorter limitations period than had previously been applied in Sec. 1981 actions, it should not be applied retroactively." Demery, 818 F.2d at 1264. Prior to Demery this court held that Ohio's six year statute of limitations applied in section 1981 actions. See Mason v. Owens-Illinois, Inc., 517 F.2d 520 (6th Cir.1975). Thus, the court held it would be unfair to apply Demery 's one year rule retroactively in the face of Demery's justified reliance upon prior decisions applying the longer limitations period. See St. Francis College v. Al-Khazraji, 107 S.Ct. 2022 (1987) (affirming Third Circuit's refusal retroactively to apply a case similar to Demery in the 1981 context). See also Chevron Oil v. Huson, 404 U.S. 97 (1971); Carter v. City of Chattanooga, No. 84-5247/76, slip op. (6th Cir. June 27, 1988) (applying Chevron ).
 
 
 5
 Defendants argue that the Demery court's decision denying retroactivity does not bind us in this case because, unlike the situation in Demery, when Carlisle filed his complaint on November 17, 1986 no clearly established Sixth Circuit precedent existed concerning the statute of limitations for section 1981 claims. Defendants claim that the state of the law regarding the proper time limitation for claims under section 1981 was uncertain in light of Wilson v. Garcia, 471 U.S. 261 (1985) (declaring state statute of limitations for personal injury actions applicable in section 1983), Mulligan v. Hazard, 777 F.2d 340 (6th Cir.1985), cert. denied, 476 U.S. 1174 (1986) (applying Ohio's one year statute in 1983 context), and several district court opinions holding that a one year period applies to section 1981 claims.
 
 
 6
 Although a plausible argument might be made that at the time Carlisle filed his complaint it was no longer a settled issue in the Sixth Circuit as to the applicable statute of limitations in 1981 actions in Ohio, see Alsop v. International Union of Bricklayers, 679 F.Supp. 716, 723 (N.D.Ohio 1987), this court is bound by the Demery court's holding on rehearing that in light of Al-Khazraji the one year limitations period should not be retroactively applied.[1] Since Carlisle's complaint was filed approximately seven months before Demery, the case should be examined under the six year statute of limitations and as such was timely filed. We decide this case without reaching the substantive question of whether the Mulligan and Demery courts were correct in selecting a one year rather than a two year limitations period.
 
 
 7
 For the foregoing reasons the Judgment of the District Court is REVERSED and the action REMANDED for further proceedings consistent with this opinion.
 
 
 
 [1]
 Although the Demery panel originally applied its decision retroactively to suits under section 1981 in accordance with Mulligan 's retroactive application in the 1983 context, upon rehearing post-Al-Khazraji the panel reversed this determination and refused to apply the decision retroactively. See Demery, 818 F.2d at 1264