Morene CARTER, Special Administratrix
of the Estate of Billy Wayne Carter,
Deceased, Plaintiff,

v.

CITY OF EMPORIA, KANSAS, et
al., Defendants.

Civ. A. No. 79–1654.

United States District Court,
D. Kansas.

July 13, 1982.

Fred W. Phelps, Jr., Fred W. Phelps, Jr., Chartered, Topeka, Kan., for plaintiff.

Duane D. Guy, Guy & Helbert, Jay W. Vander Velde, Lyon County Atty., Emporia, Kan., Robert L. Howard, Foulston, Siefkin, Powers & Eberhardt, Wichita, Kan., Floyd E. Gehrt, Gehrt & Roberts, Chartered, Topeka, Kan., Dale W. Bell, Emporia City Atty., Emporia, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter comes before the Court upon various defendants' motion for summary judgment and partial summary judgment. This is a civil rights and wrongful death action in which damages are being claimed by plaintiff for the death of her son, who died on May 31, 1979, in Emporia, Kansas, during an attempt by various law enforcement officers to arrest him on felony war-

rants for aggravated assault of a police officer. Plaintiff brings this action, in part, as a survival action claiming damages on behalf of the estate of the deceased for alleged violation of his civil rights under 42 U.S.C. §§ 1981, 1983, 1985 and 1986. In addition, plaintiff alleges a cause of action for wrongful death, both as a federal civil rights claim and a pendent state claim. Defendants seek summary judgment on these claims on the basis of various standing and governmental immunity arguments. The Court has reviewed the briefs and is prepared to rule on these matters.

■ Defendants first claim that plaintiff's causes of action under the federal civil rights laws did not survive the deceased. An action under 42 U.S.C. § 1983 survives for the benefit of the estate if the law of the forum state creates a right of survival. *Robertson v. Wegmann*, 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978); *Davis v. Oregon State University*, 591 F.2d 493 (9th Cir. 1978); *Brooks v. Flagg Bros., Inc.*, 553 F.2d 764 (2nd Cir. 1977); *Spence v. Staras*, 507 F.2d 554 (7th Cir. 1974); *Hall v. Wooten*, 506 F.2d 564 (6th Cir. 1974); *Brazier v. Cherry*, 293 F.2d 401 (5th Cir. 1961), *cert. denied*, 368 U.S. 921, 82 S.Ct. 243, 7 L.Ed.2d 136 (1961). Likewise, it has been held that state law governs the survival of a claim under 42 U.S.C. § 1981. *Gee v. CBS, Inc.*, 471 F.Supp. 600 (E.D.Pa.1979), *aff'd*. 612 F.2d 572 (3rd Cir. 1979). The Kansas Survival Act, K.S.A. 60–1801, provides:

"In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to the person, or to real or personal estate, or for any deceit or fraud, or for death by wrongful act or omission, shall also survive; and the action may be brought notwithstanding the death of the person entitled or liable to the same."

Plaintiff's claims must be evaluated to determine if they fall within the provisions of K.S.A. 60–1801.

■ K.S.A. 60–1801 provides that an action for death by wrongful act or omission survives the deceased. Plaintiff's complaint alleges that the deceased was deprived of life without due process of law, in violation of § 1983. In this limited context, the Court finds that plaintiff's cause of action under § 1983 states a claim for a death by wrongful act. Plaintiff further asserts a claim under § 1981 for denial of rights on the basis of race. A claim for relief under § 1981 is personal in nature. Indeed, K.S.A. 60–1802 provides that claims for libel, slander and malicious prosecution, which are personal in nature, abate at the death of the party making such claims. Therefore, the Court finds that claims to enforce one's rights under § 1981 do not survive under K.S.A. 60–1801.

Similarly, claims under § 1985, to be free of conspiracies, should abate under the Kansas act. However, the provisions of 42 U.S.C. § 1988 require a closer scrutiny of the interplay between the federal and state acts in this context. In considering the civil rights acts, § 1988 provides, in part:

"... the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause ..."

The application of the Kansas survival statute to a § 1985 action leads to an inconsistent result when a § 1986 action is also alleged. Congress provided a federal survival statute of one year for actions arising under § 1986. That section provides, in part:

"... and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."

■ It is well-established that a cause of action under § 1986 is derivative and must fail absent a cause of action based on § 1985. *Williams v. St. Joseph Hospital*, 629 F.2d 448 (7th Cir. 1980); *Brown v. Chaffee*, 612 F.2d 497 (10th Cir. 1979); *Hamilton v. Chaffin*, 506 F.2d 904 (5th Cir. 1975). If plaintiff's § 1985 claim fails under the Kansas Survival Act, plaintiff's § 1986 claims would necessarily fail to survive, a direct inconsistency with the federal statute. Therefore, in order to achieve a consistent result with the intent of Congress, the Court finds that the provisions of the federal survival act under § 1986 must be applied to the § 1985 action. Plaintiff's claims under § 1985 and § 1986 properly survive the death of the deceased.

■ Defendants next challenge the standing of plaintiff to bring these actions on behalf of the deceased and next of kin. Section 1986 provides that the legal representative of the deceased shall bring the action for the benefit of the next of kin. Therefore, the Court finds that plaintiff is the proper party to bring the § 1985 and § 1986 actions.

■ The Court must look to the Kansas Wrongful Death Act, K.S.A. 60–1901, *et seq.*, to determine who is the proper party to bring a wrongful death action under § 1983. K.S.A. 60–1902 provides that an action for wrongful death may be commenced by any one of the heirs at law of the deceased who has sustained a loss by reason of the death. In *Johnson v. McArthur*, 226 Kan. 128, 596 P.2d 148 (1979), the Kansas Supreme Court construed the term "heirs at law" to be synonymous with the term "heirs" as construed under the Kansas intestate succession statutes, K.S.A. 59–401 to –514. *See* discussion in Comment, *Torts: "Heirs at Law" Construed in Kansas Wrongful Death Statute*, 19 W.L.J. 389 (1980). K.S.A. 59–506 provides that if a decedent leaves children and no spouse, all his property passes in equal shares to his children or the issue of deceased children. Here, the deceased was survived by four children and no spouse. Therefore, his mother, plaintiff herein is not an "heir at law" under the wrongful death provisions, and is not the proper party to bring the wrongful death action under § 1983.

■ Plaintiff points out that one of the deceased's children has filed a motion to intervene in this action. Further, the Court is aware that defendants have not responded to the motion to intervene. However, after reviewing the motion, the Court finds that a motion to intervene is not the proper mechanism in which to properly bring in and align the parties. The Court suggests that a motion to amend the complaint would be a more suitable method to bring the matter before the Court. Therefore, the Court finds that defendants' motion should be granted as to plaintiff's claims of wrongful death. However, the Court will grant plaintiff fifteen days from the date of this order to amend the complaint, or the Court will grant defendants' motion for summary judgment on the wrongful death claim under § 1983.

The question of standing of plaintiff to bring the pendant state wrongful death action involves essentially the same problems as discussed above. Therefore, the Court finds that plaintiff's state wrongful death action is not properly before the Court. Therefore, although the Court is generally impressed with defendants' arguments on the issue of governmental liability on this claim, the Court finds that a ruling at this time would be improper. Further, plaintiff will be granted fifteen days from the date of this order to properly bring the claim before the Court, or the state wrongful death claim will be dismissed.

Defendants finally challenge the propriety of certain defendants to be parties to the lawsuit. Defendants City and County claim that they are not liable because the wrongful conduct complained of was not done pursuant to any official policy. In *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the United States Supreme Court, in considering the liability of governmental entities, stated:

"... a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983...."

436 U.S. at 694, 98 S.Ct. at 2037. Plaintiff alleges that the wrongful conduct was done in accordance with an official policy of the Emporia Police Department and the Lyon County Sheriff's Department. Further, plaintiff further alleges, in her response to the motions for summary judgment, that the City and County either failed to supervise, to train, to oversee and/or ratify and approve the conduct of the police officers.

Plaintiff refers to deposition testimony of several police officers which outlines the policy of the police department which follows the Kansas statute, K.S.A. 21-3215. That statute provides, in part, that a police officer is justified in using force likely to cause death or great bodily harm only when he reasonably believes that such force is necessary to prevent death or great bodily harm to himself or another. Here, plaintiff's case centers on an argument that the officers were not in a life-threatening position, and, thus, used excessive force in the situation. Plaintiff's case does not support her position that the police officers acted pursuant to a policy, but alleges that they failed to properly apply the policy. Therefore, the Court finds that plaintiff has failed to allege a policy or a custom which would support any liability on the part of the City under § 1983.

Plaintiff further alleges that the City and County are liable because they had prior knowledge of the propensity of the individual officers to violate civil rights and that the officials of the entities ratified the conduct of the individuals. In her response to the motions for summary judgment, plaintiff supplements her allegations by alleging inadequate training and supervision. In *McClelland v. Facteau*, 610 F.2d 693 (10th Cir. 1979), the Tenth Circuit Court of Appeals discussed claims such as these. That court stated:

"... Showing that individual officers violated a person's constitutional rights on an isolated occasion is not sufficient to raise an issue of fact whether adequate training and procedures were provided. *Cf. Bruce v. Martin-Marietta Corp.*, 544 F.2d 442, 448 (10th Cir. 1976) (proof of airplane crash does not give rise to presumption design was defective; summary judgment appropriate when state of art design shown by defendant.) Supervisors cannot automatically be held liable for a subordinate straying from the established path. '[T]o extend the general duty of these appellees to prudently select, educate and supervise police department employees to an isolated, spontaneous incident ... would be beyond reason.' *Jennings v. Davis*, 476 F.2d 1271, 1275 (8th Cir. 1973). Only by countering with evidence that the training or procedures were defective could McClelland have raised an issue of fact whether this duty was breached." *Id.* at 697.

■ Here, plaintiff has made no showing of any evidence that the training of the officers was defective. However, plaintiff has raised issues that the supervision of the officers was less than adequate. Further, plaintiff has raised issues that defendants City and County knew of the conduct and failed to act to prevent it. *See McClelland v. Facteau, supra*, at 697. Thus, the Court finds that plaintiff has raised issues as to the supervision of the officers which must be determined at trial and not as a matter of law.

■ Defendants further assert that they are entitled to summary judgment on plaintiff's claims under §§ 1985 and 1986, because there is no genuine issue of fact. The Court finds that the record is replete with factual disputes concerning the events leading up to the fatal incident. The Court cannot say beyond a reasonable doubt that the movant's position should be sustained. Unless the evidence is clear to the point that there is no genuine factual issue upon

which reasonable minds might differ, summary judgment is inappropriate. *Williams v. Borden, Inc.*, 637 F.2d 731, 738 (10th Cir. 1980). Therefore, defendants' motions for summary judgment on the § 1985 and § 1986 claims will be denied.

 Further, defendants City and County allege that they are entitled to summary judgment on the claim for punitive damages under the ruling of *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). Plaintiff does not dispute this allegation. Therefore, summary judgment will be granted as to the punitive damage claim against the City and County.

 Finally, defendant Sheriff Andrews alleges that he is entitled to judgment as a matter of law because he acted in good faith. The question of good faith is in dispute and, therefore, is not appropriate for summary judgment.

The Court finds that all other points not specifically discussed are not appropriate matters to be resolved on a summary judgment motion.

IT IS BY THE COURT THEREFORE ORDERED that defendants' motions for summary judgment are hereby denied in part and granted in part in accordance with the foregoing motion. IT IS FURTHER ORDERED that plaintiff move, within fifteen (15) days of the date this order is filed, to amend her complaint as discussed above, or summary judgment will be granted as to the wrongful death claims.