**Lonnie R. ALSUP, et al., Plaintiffs,**

v.

**INTERNATIONAL UNION OF BRICK-LAYERS AND ALLIED CRAFTSMEN OF TOLEDO, OHIO, LOCAL UNION NO. 3, et al., Defendants.**

**No. C 85–7745.**

United States District Court, N.D. Ohio, W.D.

Sept. 9, 1987.

---

Wilbur Jacobs, William J. Peters, Toledo, Ohio, for plaintiffs.

Joseph W. Westmeyer, Jr., Joseph W. Westmeyer, Jr. Co., Joseph J. Allotta, Allotta, Singer & Farley Co., Toledo, Ohio, for defendants.

## OPINION AND ORDER

JOHN W. POTTER, District Judge:

This matter is before the Court on defendants Bricklayers Joint Apprenticeship Committee (JAC) and International Union of Bricklayers and Allied Craftsmen of Toledo, Ohio, Local Union No. 3 (Local 3) motions for summary judgment or, in the alternative, motions to dismiss plaintiffs Lonnie R. Alsup (Alsup), Washington Brown Sr. (Brown Sr.), Willie Brown, Jr. (Brown Jr.), Robert Cantrell (Cantrell), Jeffrey E. Clint (Clint), Charles Foster (Foster), William Garcia (Garcia), Sylvester M. Gould Sr. (Gould), Charles Harris (Harris), Lester Hollis (Hollis), Edward Holmes (Holmes), John L. Hughes (Hughes), Richard Hunter (Hunter), Marion Legare (Legare), Frederick Mars (Mars), Oneis McNeil (McNeil), Lloyd A. Meacham (Meacham), Roy Meredith (Meredith), Thomas A. Mullins (Mullins), Robert Pack (Pack), James Proctor (Proctor), Lemoria Robertson (Robertson), Angelo Robinson (Angelo), Will A. Robinson (Will), Robert Singletary (Singletary), Paul T. Sledge (Sledge), Ezra Wallace (Wallace), Robert Walker (Walker) and Isaac Watson (Watson), plaintiffs' opposition to Local 3's motion and Local 3's reply.[1]

As originally filed, this was an action in which 29 men who were bricklayers or wished to be bricklayers sued Local 3, JAC, two contractors' associations, The Toledo Area Hometown Plan, and six masonry or general contractors. Plaintiffs' suit alleges a pattern or practice of racial discrimination in the bricklayer trade in the Toledo area.

Plaintiffs' first claim alleges that the contractors associations and The Hometown Plan entered into a conspiracy depriving blacks of their civil rights and privileges. This claim is made under 42 U.S.C.

---

1. Plaintiffs have not opposed JAC's motion. On August 25, 1987, plaintiffs' response to Local 3's motion was filed. Plaintiffs' response was filed twenty-five days after Local 3's motion was filed. Pursuant to L.Civ.R. 3.01(3) "each party opposing this motion *shall* serve and file within ten (10) days thereafter a brief written statement of reasons in opposition to the motion and a list of the authorities on which he relies." (Emphasis added.) L.Civ.R. 3.01(3). Therefore, pursuant to L.Civ.R. 3.01(3), which must be read in conjunction with Fed.R.Civ.P. 6(a), plaintiffs were required to file their brief within 10 days. Since plaintiffs have not requested an extension of time in which to file their response, this response is not timely.

§ 1985(3). Plaintiffs' second claim for relief alleges that the contractors associations and The Hometown Plan interfered with the access by blacks to federal court, in violation of 42 U.S.C. § 1985(2). Plaintiffs' third cause of action alleges a claim of racial discrimination in employment against all defendants under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e et seq. Plaintiffs' final claim alleges that defendants denied them the right to contract for employment, in violation of 42 U.S.C. § 1981.

JAC and Local 3, pursuant to Fed.R.Civ. P. 12(b)(6), move to dismiss Counts I and II of the complaint for failure to state a claim upon which relief can be granted. A motion to dismiss for failure to state a claim should not be granted unless "it appears beyond doubt that plaintiffs can prove no set of facts in support of their claim which would entitle them to relief." *Banks v. City of Forest Park*, 599 F.Supp. 465, 468 (S.D.Ohio 1984). The factual allegations in the complaint are considered as true and all reasonable inferences are construed in favor of the non-moving party. *Id.* at 468. However, the court is "required to accept only well pleaded facts as true ... not the legal conclusions that may be alleged or that may be drawn from the pleaded facts." *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir.1971). Furthermore,

> [a] plaintiff pursuing a theory of conspiracy under the civil rights act is "bound to do more than merely state vague and conclusory allegations respecting that existence of a conspiracy. It [is] incumbent upon him to allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy."

*Taylor v. Flint Osteopathic Hospital, Inc.*, 561 F.Supp. 1152, 1156 (E.D.Mich.1983) (citations omitted). The complaint must also contain specific allegations regarding the involvement of each defendant. *Oldland v. Kurtz*, 528 F.Supp. 316, 322 (D.Colo. 1981).

Counts I and II of plaintiffs' complaint states as follows:

The defendant contractors Associations, the Administrative Committee and Executive Director of the Toledo Area Hometown Plan have entered into a conspiracy for the purpose of depriving blacks of their civil rights and privileges as citizens of the United States. Since 1977 the Contractors Association has financed the Hometown Plan and paid the salaries of its employees. Under the plan individual contractors submit a monthly statistical profile of their workforce including those contractors who have government contracts to the Executive Director of the Hometown Plan. The Administrative Committee's function is to monitor and enforce the Department of Labor's guidelines but it has failed to do so. Despite the knowledge that all mason contractors are discriminating in employment, the Administrative Committee and its Director has failed to inform the OFCCP of the underutilization of blacks and has failed to recommend that any sanctions be taken against the contractors. The result of this conspiracy by the Contractors Associations and the Administrative Committee has been to injure blacks, union members, and potential black applicants to the exercise of their civil rights and privileges as citizens of the United States.

The Contractors Associations and the Administrative Committee of the Toledo Area Hometown Plan by secreting all the contractors EEO reports showing underutilization and violations of Executive Order No. 11246, Title VII and 42 U.S.C. Section 1981, have interfered with the access by blacks to the federal court. Complaint at ¶ 44-45.

Count I of plaintiffs' complaint purportedly alleges a violation of 42 U.S.C. § 1985(3). A claim under 42 U.S.C. § 1985(3) must allege:

> the defendants did (1) "conspire or go in disguise on the highway or on the premises of another" (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." It must then assert that one or

more of the conspirators (3) did, or caused to be done, "any act in furtherance of the object of [the] conspiracy," whereby another was (4a) "injured in his person or property" or (4b) "deprived of having and exercising any right or privilege of a citizen of the United States." *Griffin v. Breckenridge,* 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798–99, 29 L.Ed.2d 338 (1971).

Count II of plaintiffs' complaint purportedly alleges a violation of 42 U.S.C. § 1985(2). The intent of § 1985(2) is to prevent conspiracies "the object of which is intimidation of or retaliation against parties or witnesses, or grand or petit jurors, in any court of the United States." *Brawer v. Horowitz,* 535 F.2d 830, 840 (3rd Cir.1976); *Hahn v. Sargent,* 523 F.2d 461, 469 (1st Cir.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). The statute's concern is with conspiracies involving perjury, subornation or perjury, or criminal obstruction of justice. *McCord v. Bailey,* 636 F.2d 606, 614–17 (D.C.Cir. 1980), *cert. denied,* 451 U.S. 983, 101 S.Ct. 2314, 68 L.Ed.2d 839 (1981).

■ Thus an action under § 1985(2) necessarily must involve the intimidation of witnesses, parties, or court officers in an ongoing federal court proceeding. In interpreting this clause the courts have required a connection between the proscribed activities and a specific federal proceeding, and a connection between the conspiratorial conduct and the witness, party, or juror. *See, e.g., Bradt v. Smith,* 634 F.2d 796, 801 (5th Cir.), *cert. denied,* 454 U.S. 830, 102 S.Ct. 125, 70 L.Ed.2d 106 (1981) ("no nexus whatsoever ... between the alleged conspiracy and any federal proceeding"); *Brawer v. Horowitz,* 535 F.2d 830, 840 (3rd Cir.1976).

■ Counts I and II of plaintiffs' complaint fail to state a cause of action against JAC and Local 3. Counts I and II of plaintiffs' complaint fail to specifically make any allegations against JAC and Local 3. Count I fails to adequately allege with particularity the necessary elements of conspiracy and invidiously discriminating actions as required by *Griffin.* Furthermore, Count II does not sufficiently allege the necessary elements of conspiracy or any nexus with any ongoing court proceeding. Therefore, pursuant to the criteria of Fed.R.Civ.P. 12(b)(6), Counts I and II of plaintiffs' complaint fail to state a cause of action upon which relief may be granted and JAC and Local 3's motions to dismiss Counts I and II are well taken.

■ JAC and Local 3 contend that the claims of McNeil, Pack and Singletary have abated by reason of their deaths and therefore these claims should be dismissed. Whether a 42 U.S.C. § 1981 claim of a deceased plaintiff survives his death is governed by state law. *Gee v. CBS, Inc.,* 471 F.Supp. 600, 614 (E.D.Pa.), *aff'd mem.,* 612 F.2d 572 (3rd Cir.1979). Two Ohio statutes govern the claims of deceased plaintiffs. The first, Ohio Rev.Code § 2305.21, states as follows:

[i]n addition to the causes of action which survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud also shall survive; and such actions may be brought notwithstanding the death of the person entitled or liable thereto.

Ohio Rev.Code Ann. § 2305.21 (Anderson 1981). The second, Ohio Rev.Code § 2311.21, identifies those actions which abate at the time of a plaintiff's death:

[u]nless otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except actions for libel, slander, malicious prosecution, for a nuisance, or against a judge of a county court for misconduct in office, which shall abate by the death of either party.

Ohio Rev.Code Ann. § 2311.21 (Anderson 1981).

A claim for relief under Section 1981 is considered to be personal in nature. *Carter v. City of Emporia,* 543 F.Supp. 354, 356 (D.Kan.1982). As such, it is similar to actions for libel, slander and malicious prosecution which abate at the time of the plaintiff's death pursuant to Ohio Rev.Code § 2311.21. Under the survival and abatement statutes of Kansas, which are nearly identical to the statutes of Ohio, the court

concluded that plaintiff's claims under 42 U.S.C. § 1981 were personal to the plaintiff and therefore abated at his death. *Id.* at 356. Furthermore, when a defendant is unaware of a plaintiff's death before an answer is filed, the action is a nullity as to that plaintiff and should be dismissed. 7C C. Wright, A Miller, & M. Kane, Federal Practice and Procedure § 1951 at 522 & n. 12 (2d ed 1986).

■ McNeil died on October 22, 1985. See Rudolph/Libbe, Inc. (Rudolph) Motion for Summary Judgment and Dismissal against McNeil. Pack died on January 27, 1986. See Rudolph Motion for Dismissal and Summary Judgment against Pack. Singletary died on April 15, 1985. See Rudolph Motion for Summary Judgment against Singletary. Since these claims have abated by reason of their deaths, JAC and Local 3's motions to dismiss and/or summary judgment against McNeil, Pack and Singletary are well taken.

JAC and Local 3's motions for summary judgment against the remaining plaintiffs seek dismissal because plaintiffs failed to respond to discovery requests, plaintiffs cannot establish a prima facie case of discrimination under Title VII or 42 U.S.C. § 1981 and/or plaintiffs' claims are barred by the applicable statute of limitations.

■ JAC and Local 3 contend that plaintiffs' failure to comply with discovery merits dismissal of their claims. Pursuant to Fed.R.Civ.P. 37(a), a party's complaint may be dismissed for failing to appear for a properly noticed deposition or for failing to respond to properly served interrogatories. The Court may impose this sanction directly, without first issuing an order to compel discovery. *Charter House Insurance Brokers, Ltd. v. New Hampshire Insurance Co.,* 667 F.2d 600, 604 (7th Cir.1981). *Cf. Bell & Beckwith v. United States of America, Internal Revenue Service,* 766 F.2d 910, 912 (6th Cir.1985) (no abuse of discretion in dismissing a claim for failure to appear at deposition even though there was no order compelling attendance). Furthermore, this Court issued an order on June 12, 1987 ordering plaintiffs "to answer [JAC and Local 3's] interrogatories on or before July 20, 1987. Plaintiffs' failure to comply with this order may result in dismissal of plaintiffs' complaint against [JAC and Local 3]."

■ Section 1981 of Title 42 states in pertinent part that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts ... as is enjoyed by white citizens." An employee suing his employer under Section 1981 must prove not only that he was treated differently than white employees, but also that this different treatment was the result of discriminatory purpose. *See General Building Contractors Association v. Pennsylvania,* 458 U.S. 375, 391, 102 S.Ct. 3141, 3150, 73 L.Ed.2d 835 (1982); *Smith v. Pan Am World Airways,* 706 F.2d 771 (6th Cir.1983). According to the United States Supreme Court, discriminatory purpose "implies that the decisionmaker ... selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney,* 442 U.S. 256, 279, 99 S.Ct. 2282, 2296, 60 L.Ed. 2d 870 (1979).

The Sixth Circuit Court of Appeals has stated that proof of a prima facie case under Title VII raises a rebuttable presumption of purposeful racial discrimination under Section 1981. *Jackson v. RKO Bottlers of Toledo, Inc.,* 743 F.2d 370, 378 (6th Cir.1984). Therefore, liability under Title VII and under Section 1981 rests on the same proof. *Cooper v. City of North Olmsted,* 795 F.2d 1265, 1270 n. 3 (6th Cir.1986).

■ Under Title VII, the burden of proof is placed upon the plaintiff to prove a prima facie case of racial discrimination by showing the following:

(1) that he belongs to a racial minority;

(2) that he applied and was qualified for a job for which the employer was seeking applicants;

(3) that, despite his qualifications, he was rejected; and

(4) that after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

*McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed. 2d 668 (1973). Therefore, in order to raise an inference of discrimination, a plaintiff must eliminate the two most common reasons why an applicant for employment is rejected—either lack of qualifications or lack of work. *Gay v. Waiters' & Lunchmen's Union, Local No. 30,* 694 F.2d 531, 547 (9th Cir.1982), *citing International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 325, 358 n. 44, 97 S.Ct. 1843, 1849–50, 1866 n. 44, 52 L.Ed.2d 396 (1977).

Plaintiffs allege that Local 3's failure to refer black brickmasons for work constitutes a racially discriminatory practice. However, the collective bargaining agreement does not provide Local 3 with any involvement in the hiring process. Local 3 does not have a referral procedure. Therefore, contractors are not required to contact the union for new employees. Many of plaintiffs' alleged claims of discrimination stem from an out-of-work list. However, the list was discontinued in May, 1984. See JAC and Local 3 Motions, Cappelletty Affidavit. Furthermore, any claims of discriminatory treatment regarding pension fund benefits are within the preview of the fund administrator and not within the control of Local 3. *Id.*

Plaintiffs contend that the Supreme Court's decision in *Goodman v. Lukens Steel Co.,* —— U.S. ——, 107 S.Ct. 2617, 96 L.Ed.2d 572 (June 19, 1987) has a severe impact on the issues in this case. However, plaintiffs incorrectly state that this decision holds that the union violates both Title VII and Section 1981 by passively sitting by and failing to affirmatively oppose racially discriminatory employment practices. Plaintiffs' Opposition to Defendant Union's Motion for Summary Judgment at 2. The Supreme Court explicitly stated that "[w]e need not discuss this rather abstract observation, for the court went on to say that the evidence proves 'far more' than mere passivity." *Id.* —— U.S. at ——,

107 S.Ct. at 2623. The Court's holding in *Goodman* is that a union may not fail to pursue properly submitted grievances "solely because the claims assert racial bias and would be very troublesome to process." *Id.* —— U.S. at ——, 107 S.Ct. at 2625. In their responsive motion plaintiffs have not specifically identified any instance in which Local 3 failed to pursue a properly submitted grievance. Furthermore, Local 3 has never refused to assert any grievance claiming discriminatory treatment by an employer nor have any of these plaintiffs filed such a grievance with Local 3. See Local 3 Motion, Cappalletty Affidavit.

Pursuant to the criteria of Fed.R.Civ.P. 56(e);

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e).

Therefore, once JAC and Local 3 have made and supported their motions for summary judgment, plaintiffs may not rest upon their pleadings but must set forth specific facts, thereby creating a genuine issue for trial.

■■■■ However, prior to filing a lawsuit under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e et seq., the claimant must file an administrative charge of discrimination with the Equal Employment Opportunity Commission (EEOC). *Rasimas v. Michigan Department of Mental Health,* 714 F.2d 614, 620 (6th Cir.1983), *cert. denied,* 466 U.S. 950, 104 S.Ct. 2151, 80 L.Ed.2d 537 (1984). In "deferral states" such as Ohio, where the EEOC defers to the state agency established to investigate such charges of discrimination, the EEOC charge must be filed within 300 days after the alleged unlawful act. 42 U.S.C.

§ 2000e–5(e) (1981); *Rasimas*, 714 F.2d at 621.

 When a charge is submitted to both the EEOC and the OCRC, the EEOC will not formally file its charge of discrimination until *after* the state agency has terminated its proceedings or 60 days have elapsed since the filing of the state administrative charge, whichever occurs earlier. *Rasimas*, 714 F.2d at 621. Therefore, the state administrative charge of discrimination must generally be filed within 240 days of the alleged unlawful practice in order to preserve the claimant's right to file a Title VII lawsuit in federal court. *Mohasco Corp. v. Silver*, 447 U.S. 807, 814 n. 16, 100 S.Ct. 2486, 2491 n. 16, 65 L.Ed.2d 532 (1980).

The claimant in an EEOC administrative proceeding may bring a civil action in federal court against the respondent named in the charge of discrimination within ninety days after issuance by the EEOC of a right to sue letter, which the EEOC issues either if it dismisses the charge or if it fails to commence a civil action itself within the statutory period. 42 U.S.C. § 2000e–5(f)(1) (1981).

 Section 1981 of Title 42 has no direct statute of limitations. Therefore, the federal courts are required to apply the closest analogous state statute of limitations. The Sixth Circuit Court of Appeals has held that in Ohio the appropriate statute of limitations is the one year statute for certain torts, Ohio Rev.Code § 2305.11. *Demery v. City of Youngstown*, 818 F.2d 1257 (6th Cir.1987). In *Demery*, the court recognized that the statute of limitations in § 1981 actions was not a settled issue in the Sixth Circuit. *Demery*, at 1261–62 (Guy, J., concurring); *Mason v. Owens–Illinois, Inc.*, 517 F.2d 520 (6th Cir.1975) (application of the six-year statute of limitations); *Sutton v. Bloom*, 710 F.2d 1188 (6th Cir.1983), *cert. denied*, 464 U.S. 1073, 104 S.Ct. 985, 79 L.Ed.2d 221 (1984), (application of the six-month statute of limitations). Furthermore, after *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed. 2d 254 (1985), was decided, the statute of limitations in § 1983 and § 1981 actions

became less clear in each circuit. Therefore, since the law has been "erratic and inconsistent, without clear precedent on which plaintiff could reasonably rely in waiting to file suit," *Goodman v. Lukens Steel Co.*, — U.S. —, —, 107 S.Ct. 2617, 2622 n. 8, 96 L.Ed.2d 572 (1987), the retroactive application of *Demery* to this proceeding is not unfair or otherwise violative of the principles of *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed. 2d 296 (1971). See also *McSurely v. Hutchison*, 823 F.2d 1002 (6th Cir. July 24, 1987); *Saint Francis College v. Majid Ghaidon Al–Khazraji*, — U.S. —, 107 S.Ct. 2022, 95 L.Ed.2d 582 (May 18, 1957) (clearly establish precedent thereby negating the application of retroactivity).

Plaintiff Alsup has no claim of discrimination against JAC. Alsup Deposition at 20. Alsup's claims of discrimination against Local 3 occurred in 1982. *Id.* at 21, 24 & 30. Alsup's claims of discrimination against Local 3 are barred by the statute of limitations. Therefore, JAC and Local 3's motions pertaining to Alsup are well taken.

Plaintiff Brown Sr. has no claim of discrimination against JAC. Brown Sr. Deposition at 8–9. Brown Sr. has had no contact with Local 3 since before 1975. *Id.* at 12–13. Furthermore, Brown Sr. has failed to answer JAC or Local 3's interrogatories. Brown Sr. filed a charge of discrimination with the EEOC on May 23, 1985. Since any claim of discrimination against Local 3 occurred before 1975, Brown Sr.'s claims of discrimination against Local 3 are barred by the applicable statute of limitations. Also, Brown Sr. is subject to dismissal for failure to comply with this Court's order and the rules of civil procedure. Therefore, JAC and Local 3's motions pertaining to Brown Sr. are well taken.

Plaintiff Brown Jr. has no claim of discrimination against JAC. Brown Jr. Deposition at 25. Brown has had no contact with Local 3 since 1977. *Id.* at 29. Since any claims of discrimination against Local 3 occurred before 1977, Brown Jr.'s claims of discrimination against Local 3 are barred by the statute of limitations. Therefore,

JAC and Local 3's motions pertaining to Brown Jr. are well taken.

Plaintiff Cantrell has no claim of discrimination against JAC. Cantrell Deposition at 46–47. Cantrell claims that Local 3 discriminated against him on two occasions, both of which occurred before 1983. *Id.* at 57–58. Cantrell filed a charge of discrimination with the EEOC on May 3, 1985. Cantrell's claims of discrimination against Local 3 are barred by the applicable statute of limitations. Therefore, JAC and Local 3's motions pertaining to Cantrell are well taken.

Plaintiff Clint claims that JAC discriminated against Clint by not accepting him for the apprenticeship program in 1980. Clint Deposition at 37–38. Clint claims that Local 3 discriminated against him in connection with JAC's failure to accept him into the apprenticeship program in 1980. *Id.* at 39. Clint filed a charge of discrimination with the EEOC on June 24, 1985. Clint failed to answer JAC and Local 3's interrogatories. Clint's claims of discrimination against JAC and Local 3 are barred by the applicable statute of limitations. Furthermore, Clint is subject to dismissal for his failure to comply with this Court's order and the rules of civil procedure. Therefore, JAC and Local 3's motions pertaining to Clint are well taken.

Plaintiff Foster has no claim of discrimination against JAC. Foster Deposition at 17. Foster's claims of discrimination against Local 3 occurred in 1971–74 as a result of Local 3's failure to reimburse Foster for the partial payment of initiation fees. *Id.* at 17–18. Foster's claims of discrimination against Local 3 are barred by the statute of limitations. Therefore, JAC and Local 3's motions pertaining to Foster are well taken.

Since plaintiff Garcia's application with JAC in 1953–54, Garcia has had no contact with JAC. Garcia Deposition at 30. Garcia has had no claim of discrimination against Local 3 since 1979. *Id.* at 32. Garcia's claims of discrimination against JAC and Local 3 are barred by the statute of limitations. Therefore, JAC and Local 3's motions pertaining to Garcia are well taken.

Plaintiff Gould has never applied to JAC and has had no claim of discrimination or mistreatment by JAC since 1979. Gould Deposition at 12. Gould has had no claim of discrimination against Local 3 since 1979. Gould's claims of discrimination against JAC and Local 3 are barred by the statute of limitations. Therefore, JAC and Local 3's motions pertaining to Gould are well taken.

Plaintiff Harris has no claim of discrimination against JAC. Harris Deposition at 13–14. Harris' claims of discrimination against Local 3 regard Local 3's referral procedure and the out-of-work list. The out-of-work list was discontinued in 1984. Therefore, any claims of discrimination regarding the out-of-work list are barred by the statute of limitations. Furthermore, Local 3 is not a referral hall. See Cappelletty Affidavit. Therefore, pursuant to the criteria of Fed.R.Civ.P. 56, there is no genuine issue of material fact regarding Harris' claims of discrimination agains Local 3. JAC and Local 3's motions pertaining to Harris are well taken.

Plaintiff Hollis has no claim of discrimination against JAC. Hollis Deposition at 15. Hollis' claim of discrimination against Local 3 occurred in 1982. *Id.* at 17–18. Hollis filed a charge of discrimination with the EEOC on May 3, 1985. Hollis' claims of discrimination against Local 3 are barred by the applicable statute of limitations. Therefore, JAC and Local 3's motions pertaining to Hollis are well taken.

Plaintiff Holmes failed to appear at the properly noticed deposition. In answers to interrogatories, Holmes revealed that he never applied to JAC and the only claim of discrimination against Local 3 occurred in 1944. Holmes is subject to dismissal for failure to appear at the deposition. Furthermore, any claims of discrimination against Local 3 are barred by the statute of limitations. Therefore, JAC and Local 3's motions pertaining to Holmes are well taken.

Plaintiff Hughes' claims of discrimination against JAC occurred between 1972–

75. Hughes Deposition at 33 & 35. Holmes claim of discrimination against Local 3 occurred during Holmes' apprenticeship between 1972 and 1974 or 1975. *Id.* at 36. Hughes filed a charge of discrimination with the EEOC on May 3, 1985. Hughes' claims of discrimination are barred by the applicable statute of limitations. Therefore, JAC and Local 3's motions pertaining to Hughes are well taken.

Plaintiff Hunter has had no claim of discrimination against JAC or Local 3 since 1979. Hunter Deposition at 29 & 26-27. Hunter filed a charge of discrimination with the EEOC on May 23, 1985. Hunter's claims of discrimination against JAC and Local 3 are barred by the applicable statute of limitations. Therefore, JAC and Local 3's motions pertaining to Hunter are well taken.

Plaintiff Legare has no claim of discrimination against JAC. Legare Deposition at 17. Since 1979 Legare has had no claim of discrimination against Local 3. Legare filed a charge of discrimination with the EEOC on May 23, 1985. Legare's claims of discrimination against Local 3 are barred by the applicable statute of limitations. Therefore, JAC and Local 3's motions pertaining to Legare are well taken.

Plaintiff Mars has had no claim of discrimination against JAC since 1979. Mars Deposition at 66. Mars' claims of discrimination against Local 3 involve the out-of-work list which was discontinued in 1984. *Id.* at 66. Also, Mars claims discrimination while working at The University of Toledo in 1983. *Id.* at 73-77. Mars charges Local 3 with discriminating against him by never appointing him to a committee. However, Mars never asked for an appointment. *Id.* at 38. Mars' claims of discrimination against Local 3 are barred by the statute of limitations. Furthermore, pursuant to the criteria of Fed.R.Civ.P. 56, Mars has failed to establish a genuine issue of material fact to support his claim of discrimination against Local 3. Therefore, JAC and Local 3's motions pertaining to Mars are well taken.

Plaintiffs Meacham and Walker failed to appear at their scheduled depositions. Also, Meacham and Walker failed to respond to JAC and Local 3's interrogatories. Therefore, since Meacham and Walker failed to comply with this Court's order and failed to attend the properly noticed deposition, JAC and Local 3's motions pertaining to Meacham and Walker are well taken.

Plaintiff Meredith has had no claim of discrimination against JAC since 1979. Meredith Deposition at 10. Meredith's claims of discrimination against Local 3 regard Local 3's failure to refer him for employment. *Id.* at 10-11 & 15. However, since Local 3 is not a hiring hall, Meredith has failed to establish a genuine issue of fact to support his claim of discrimination against Local 3. See Cappalletty Affidavit. Furthermore, Meredith's claims of discrimination against JAC are barred by the statute of limitations. Therefore, JAC and Local 3's motions pertaining to Meredith are well taken.

Plaintiff Mullins has had no claim of discrimination against JAC or Local 3 since 1979. Mullins Deposition at 13-16. Mullins' claims of discrimination against JAC or Local 3 are barred by the statute of limitations. Therefore, JAC and Local 3's motions pertaining to Mullins are well taken.

Plaintiff Proctor has no claim of discrimination or unfair treatment against JAC. Proctor Deposition at 12-13. Since 1979, Proctor has had no claim of discrimination against Local except he feels he is entitled to additional pension fund benefits. *Id.* at 15-17. Proctor filed a charge of discrimination with the EEOC on May 3, 1985. However, since Local 3 has no involvement in the pension fund benefits, pursuant to the criteria of Fed.R.Civ.P. 56, Proctor has failed to establish a genuine issue of fact to support his claim fo discrimination against Local 3. See Cappelletty Affidavit. Furthermore, any claims of discrimination by Local 3 occurring before 1979 are barred by the statute of limitations. Therefore, JAC and Local 3's motions pertaining to Proctor are well taken.

Plaintiff Robertson has no claim of discrimination against JAC or Local 3. Robertson Deposition at 15 & 22. Therefore,

JAC and Local 3's motions pertaining to Robertson are well taken.

Plaintiff Angelo failed to appear at the properly noticed deposition. However, in response to JAC's interrogatories, Angelo admitted that he never applied to JAC. In response to Local 3's interrogatories, Angelo's claims of discrimination against Local 3 are in connection with the out-of-work list and discriminatory testing prior to 1950. Angelo filed a charge of discrimination with the EEOC on May 3, 1985. Since the out-of-work list was discontinued in 1984, Angelo's claims of discrimination are barred by the statute of limitations. Therefore, JAC and Local 3's motions pertaining to Angelo are well taken.

Plaintiff Will has no claim of discrimination against JAC. Will Deposition at 14. Will has had no claim of discrimination against Local 3 since 1978. *Id.* at 23. Will's claims of discrimination against Local 3 are barred by the statute of limitations. Therefore, JAC and Local 3's motions pertaining to Will are well taken.

Plaintiff Sledge has had no claim of discrimination against JAC since 1979. Sledge Deposition at 29–30. Sledge's claims of discrimination against Local 3 regard Local 3's failure to refer him for employment. *Id.* at 45–49. Sledge filed a charge of discrimination with the EEOC on May 3, 1985. Since Local 3 was not a hiring hall, Sledge has failed to establish a genuine issue of material fact to support his claim of discrimination against Local 3. See Cappelletty Affidavit. Furthermore, Sledge's claims of discrimination against JAC are barred by the applicable statute of limitations. Therefore, JAC and Local 3's motions pertaining to Sledge are well taken.

Plaintiff Wallace has no claim of discrimination against JAC. Wallace Deposition at 38. Wallace retired as a brick mason in 1979 and has had no contact with Local 3 since 1979. *Id.* at 38. Any claims of discrimination against Local 3 are barred by the statute of limitations. Therefore, JAC and Local 3's motions pertaining to Wallace are well taken.

Plaintiff Watson has no claim of discrimination against JAC. Watson Deposition at 38. Furthermore, Watson cannot identify any specific acts of discrimination by Local 3 except a comment by a Local 3 agent asking Watson why he had not retired. *Id.* at 47, 52 & 44. Since the comment does not establish any genuine issue of fact to support Watson's claims of discrimination and since Watson cannot identify any other incidents, Watson has failed to establish a genuine issue of material fact pursuant to the criteria of Fed.R.Civ.P. 56. Therefore, JAC and Local 3's motions pertaining to Watson are well taken.

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that JAC's motion for summary judgment or, in the alternative, motion to dismiss be, and hereby is, GRANTED; and it is

FURTHER ORDERED that Local 3's motion for summary judgment or, in the alternative, motion to dismiss be, and hereby is, GRANTED; and it is

FURTHER ORDERED that JAC and Local 3's motion to vacate the trial date be, and hereby is, DENIED as moot.