72 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Felipe FLORES, Plaintiff-Appellant,
v.
Melvin COLEY, Melvin Ray, Robert Remillard, Monika Villegas,
County of Tulare, Defendants-Appellees.
 No. 94-17205.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 14, 1995.
Decided Dec. 8, 1995.
 
 1
 Before: SCHROEDER and ALARCON, Circuit Judges, and PANNER,* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Felipe Flores ("Flores") appeals from the judgment entered, following a jury trial, in favor of the County of Tulare ("County") in Flores's action under 42 U.S.C. Sec. 2000e-2 ("Title VII"), 42 U.S.C. Sec. 1981 and Cal.Gov't Code Sec. 12940 et. seq. Flores's claims are based on his contention that he was discriminated against on the basis of gender and national origin while employed at the Tulare County Correctional Center ("TCCC"). Flores claims that the district court erred in: (1) dismissing his section 1981 claim for failure to comply with the applicable statute of limitations; (2) dismissing his Title VII and Cal.Gov't Code Sec. 12940 claims against certain individual defendants; (3) excluding certain cartoons from evidence; and (4) failing to approve his proposed jury instructions. We affirm each of the district court's rulings.
 
 I.
 
 4
 On January 15, 1993, Flores[1] filed a lawsuit alleging violations of Title VII, 42 U.S.C. Sec. 1981, and Cal.Gov't Code Sec. 12940. Flores's complaint alleged that a female co-worker, Monika Villegas, displayed racially and sexually offensive cartoons and notes at the TCCC. Flores contends that this conduct created a hostile work environment. Flores also claimed that his supervisors, Audie Ray and Robert Remillard, encouraged this conduct. Flores further alleged that he complained to Tulare County Sheriff Melvin Coley and that Coley failed to take proper remedial measures. Coley, Ray, Remillard and Villegas will collectively be referred to as the "County employees".
 
 
 5
 Prior to trial, the district court dismissed the section 1981 claim, the sexual discrimination claim, and the claims against the County employees in their individual capacities. The jury returned a verdict in favor of the County on the remaining Title VII and Cal.Gov't Code Sec. 12940 claims. Flores filed a timely appeal from this judgment.
 
 II.
 
 6
 The County filed a motion to dismiss Flores's section 1981 claim as time-barred under California's one year statute of limitations. The district court granted the County's motion to dismiss the section 1981 claim. We review de novo a district court's dismissal of a claim as barred by the statute of limitations. Washington v. Garrett, 10 F.3d 1421, 1428 (9th Cir.1993).
 
 
 7
 Accepting as true the allegations in Flores's complaint, the conduct giving rise to Flores's section 1981 claim began on approximately February 21, 1991 and occurred "continuously thereafter." The complaint further alleges that the activities constituting the harassment--the posting of offensive cartoons and the County's inadequate response--took place from February 1991 to June 1991. On June 13, 1991, Flores filed a charge with the California Department of Fair Employment and Housing. Flores did not file his 1981 action until January 15, 1993, well over a year after the alleged conduct occurred.
 
 
 8
 Section 1981 incorporates the applicable statute of limitations of the state in which the cause of action arose. Goodman v. Lukens Steel Co., 482 U.S. 656, 660 (1987). The applicable statutory period in California for personal injury actions is one year.[2] Cal.Civ.Proc.Code. Sec. 340(3). Flores contends, however, that the enactment of 28 U.S.C. Sec. 1658 makes California's one year statute of limitations inapplicable. Section 1658 provides for a four year statutory period for civil causes of action enacted by Congress after December 1, 1990. While acknowledging that section 1981 was enacted prior to December 1990, Flores argues that because section 1981 was amended in 1991, the 1991 amendment is governed by the four year statute of limitations set forth in section 1658.
 
 
 9
 Flores's reliance on the 1991 amendment to section 1981 is misplaced. The effective date of the 1991 amendment is November 21, 1991. Pub.L. 102-166, Title I, Sec. 101, 105 Stat. 1071 (1991). The 1991 amendment is not retroactive and thus does not apply to causes of action accruing before November 21, 1991. Rivers v. Roadway Express, Inc., --- U.S. ----, 114 S.Ct. 1510, 1520 (1994). Here, the alleged conduct giving rise to Flores's section 1981 claim occurred between February 1991 and June 1991, well before the effective date of the 1991 amendment. Therefore, Flores's rights are governed by the pre-1991 version of section 1981. Accordingly, we affirm the district court's ruling that Flores's section 1981 action is time-barred.
 
 
 10
 Flores alternatively argues that his claims were timely filed because the County's alleged violation of his rights was "continuous". We do not agree. Flores informed the district court that his last day at TCCC was June 21, 1991 and has not demonstrated that he was subjected to any discriminatory conduct after that date.
 
 III.
 
 11
 Flores also sued the County and the County employees for discrimination based on gender and national origin under Cal.Gov't Code Sec. 12940 et. seq. and Title VII. The County moved to dismiss the claims against the County employees on the basis that neither section 12940 nor Title VII allowed the County employees to be sued in their individual capacities. In his opposition, Flores denied that he was suing the County employees in their individual capacities and stated:
 
 
 12
 One can read the Amended Complaint from top to bottom, right to left, or vice-versa and one will find absolutely no mention whatsoever that plaintiff is suing the defendants in their "individual capacities". In [a Ninth Circuit case] the plaintiff specifically sued "six defendants in their individual capacities" by identifying them as such in her complaint.
 
 
 13
 Such is not the case at bar.
 
 
 14
 Based on Flores's concessions, the district court granted the County's motion to dismiss the County employees in their individual capacities. The district court stated, however, that Flores could pursue the County employees in their official capacities. Flores now claims that the district court erred in granting the County's motion to dismiss the claims against the County employees.
 
 
 15
 A party cannot appeal from a ruling or finding that he or she unequivocally conceded to be correct before the district court. See Mendoza v. Block, 27 F.3d 1357, 1360 (9th Cir.1994) (a plaintiff who unequivocally states that he does not object to a suggested procedure, cannot challenge it on appeal). In the present case, Flores emphatically informed the court that he was not suing the County employees in their individual capacities. Accordingly, Flores is precluded from presenting this issue on appeal.
 
 IV.
 
 16
 By the time his case was called to trial, Flores's claims were limited to alleged discrimination on the basis of national origin under Title VII and Cal.Gov't Code Sec. 12940. The County filed a motion in limine to prevent Flores from introducing certain sexually explicit cartoons into evidence. The County did not seek to exclude cartoons whose subject matter appeared to relate to race or national origin. Flores opposed the motion. He argued that the cartoons were relevant because they tended to demonstrate that he was subjected to a hostile work environment. The district court ruled that the cartoons were not relevant and granted the County's motion in limine. Flores appeals from this evidentiary ruling. We review a district court's ruling on the relevance of evidence for abuse of discretion. United States v. Rubio-Topete, 999 F.2d 1334, 1338 (9th Cir.1993).
 
 
 17
 In the present case, the evidence demonstrates that the district court did not abuse its discretion in ruling that the sexually explicit cartoons were not relevant. The Federal Rules of Evidence define relevancy as evidence "having any tendency to make the existence of any fact ... more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. While the cartoons are undoubtedly in poor taste and offensive, they do not refer to or involve race or national origin. Further, although Flores argues that the cartoons are relevant to demonstrate a hostile work environment, he has not demonstrated that the sexually explicit cartoons created an environment which discriminated against Mexican-Americans on the basis of national origin.
 
 V.
 
 18
 At trial, both parties filed requests for jury instructions. The district court elected not to use the instructions provided by Flores. Flores appeals from this ruling. We review the district court's formulation of civil jury instructions for abuse of discretion. Fikes v. Cleghorn, 47 F.3d 1011, 1013 (9th Cir.1995).
 
 
 19
 On appeal, Flores contends only that the district court abused its discretion by failing to adopt Flores's proposed jury instructions. Flores does not contend that the district court's instructions were misleading or inadequate. A district court does not abuse its discretion by failing to instruct a jury in the precise language submitted by the parties. United States v. Hayes, 794 F.2d 1348, 1351 (9th Cir.1986) cert. denied, 479 U.S. 1086 request for reh'g denied, 481 U.S. 1043 (1987). Accordingly, the district court did not abuse its discretion by rejecting Flores's proposed jury instructions.
 
 
 20
 AFFIRMED.
 
 
 
 *
 Honorable Owen M. Panner, Senior United States District Judge, for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Flores's refers to himself as "a citizen of the United States of American [who] is of 'Mexican' ancestry." Flores also claims he suffered "racial" discrimination. Because "Mexican-American" is not a race, this terminology is inaccurate. It is apparent that Flores was claiming discrimination on the basis of national origin. See e.g. Title VII (prohibiting discrimination on the basis of "race, color, religion, sex, or national origin"). 42 U.S.C. Sec. 2000e-2. In the interests of accuracy, we will assume that Flores is claiming discrimination on the basis of national origin