**Nichelle RODGERS, Plaintiff,**

v.

**APPLE SOUTH, INC., Defendant.**

Civ. A. No. 3:98CV–488–H.

United States District Court,
W.D. Kentucky.

Feb. 24, 1999.

---

Gerald A. Neal, Louisville, Samuel Fisher, Joel S. Isenberg, Gordon, Silberman, Wiggins & Childs, P.C., Birmingham, AL, for Plaintiff.

Culver V. Halliday, Stoll, Keenon & Park, Louisville, Andreas N. Satterfield, Jr., Erin E. Swann, Kelley M. Hall, Haynsworth, Baldwin, Johnson & Greaves, Greenville, SC, for Defendant.

## MEMORANDUM OPINION

HEYBURN, District Judge.

Plaintiff has asserted claims for race discrimination and retaliation under Title VII, the Kentucky Civil Rights Act and 42 U.S.C. § 1981.[1] Among other things, Plaintiff says that Defendant deprived her of the same right to make and enforce contracts as enjoyed by similarly situated white persons. Defendant now moves to dismiss the § 1981 claims as barred by Kentucky's one year statute of limitations that applies to personal injury actions.[2] The Court must decide whether this limitations period or a longer, four-year limitations contained in 28 U.S.C. § 1658 applies to this case.

In 1990, Congress passed 28 U.S.C. § 1658, a general statute of limitations applying to all subsequently enacted federal statutes as follows:

Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of enactment of this section may not be commenced later than 4 years after the cause of action accrues.

Section 1981 was originally enacted as the Civil Rights Act of 1866. For over a hundred years it was little used and absolutely unchanged. In 1989 the Supreme Court narrowly limited the statute's reach by stating that § 1981 "covers only conduct at the initial formation of the contract and conduct which impairs the right to enforce contract obligations through the legal process." *Patterson v. McLean Credit Union*, 491 U.S. 164, 179–180, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). The Court held that § 1981 did not "cover postformation conduct unrelated to an employee's right to enforce his or her contract, such as incidents relating to conditions of employment." *Id.* at 180, 109 S.Ct. 2363.

Two years later Congress responded by amending § 1981 to broaden its scope, restoring those rights eviscerated by the *Patterson* Court's narrow construction. To accomplish this, Congress made the existing § 1981 language subsection (a) of the statute and added two definitional subsections (b) and (c), as follows:

(a) Statement of equal rights.

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to all punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and

---

1. Plaintiff has withdrawn her claims under 42 U.S.C. § 1983.

2. In *Demery v. City of Youngstown*, 818 F.2d 1257 (6th Cir.1987), the Sixth Circuit decided

that a state's statute of limitations for personal injury actions governs § 1981 actions, which in Kentucky is one year. *See* Ky.Rev.Stat. Ann. § 413.140.

termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

### (c) Protection against impairment

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

No one can dispute that these amendments expanded the scope of § 1981. They create causes of action in a newly defined and expanded § 1981 which did not exist in 1990. By this analysis, at least part of the newly enacted § 1981 seems to fit within the intended scope of § 1658.

Since the passage of the 1991 amendments, seven federal district courts have squarely faced the question of whether the four-year limitations period contained in 28 U.S.C. § 1658 applies to § 1981 as amended. Five have found § 1658 inapplicable;[3] two have found § 1658 applicable.[4] No circuit court has addressed the issue.[5] The statutory language in § 1658 is no doubt reasonably subject to at least two interpretations in these circumstances. Each interpretation has some real difficulty attendant to it. This Court concludes that the current minority view is the better one and that the four-year limitations set forth in § 1658 should apply.

The crucial question is whether the 1991 amendments to § 1981 create "a civil action arising under an act of Congress enacted after [1990]." The majority of courts have opted for a fine reading of the statute to conclude that because an amendment is not an enactment, § 1658 should not apply. This interpretation, however, is unsatisfactory because it seems to stray from common sense and ignores the literal process of enactment.

Even the amendment of a statute is an act of Congress. To have being and existence, whether as a new act of Congress or as an amendment, any legislation must be enacted. All legislative actions of Congress, regardless of form, become law through an enactment by Congress and approval by the President. To conclude that when Congress said "an act of Congress enacted," it did not mean an "amendment of an act," is splitting hairs in too fine a way to make good sense. Any such interpretation seems to defy congressional intent rather than affirm it.

Should there be any doubt about this common sense approach, one need look no further than the precise words of enactment themselves. That these changes expanding the scope of § 1981 were "an act of Congress enacted after [1990]" is evident from the preamble and first section of the public law itself:

*An Act* to amend the Civil Rights Act of 1964 to strengthen and improve Federal civil rights laws, to provide for damages in cases of intentional employment discrimination, to clarify provisions regarding disparate impact actions, and for other purposes.

*Be it enacted* by the Senate and House of Representatives of the United States of America in Congress assembled,

SECTION 1.   Short Title.

*This Act* may be cited as the *"Civil Rights Act of 1991."*

Civil Rights Act of 1991, Pub.L. No. 102–166, Preamble and § 1, 105 STAT 1071 (1991) (emphasis added). The words and phrases

---

**3.** *Davis v. State of California Dep't of Corrections,* Civ. No. S–93–1307EDL GGH, 1996 WL 271001, (E.D.Cal. Feb.23, 1996); *Chawla v. Emory University,* No. CIV.A. 1:95CV0750JOF, 1997 WL 907570 (Feb. 13, 1997 N.D.Ga.); *Jackson v. Motel 6 Multipurposes, Inc.,* No. 96–72–CIV FTM 17D, 1997 WL 724429 (M.D.Fla. Nov.6, 1997); *Mason v. Anadarko Petroleum Corp.,* No. 97–1051–WEB, 1998 WL 166562 (D.Kan. March 2, 1998); *Lane v. Ogden Entertainment, Inc.* 13 F.Supp.2d 1261 (M.D.Ala.1998).

**4.** *Alexander v. Precision Machining, Inc.,* 990 F.Supp. 1304 (D.Kan.1997); *Stewart v. Coors Brewing Co.,* No. Civ. A. 97–B–1467, 1998 WL 880462 (D.Colo. Dec.14, 1998). Also, another District Court found § 1658 applicable in the context of the Telecommunications Act of 1996,

which has some similarities with § 1981 amendments. *MCI Telecommunications Corp. v. Illinois Bell Telephone Co.,* 97–C–2225, 1998 WL 156674 (N.D.Ill. March 31, 1998).

**5.** The Sixth Circuit remanded the question to the Eastern District of Kentucky when that trial court ruled applied a one-year statute of limitations without considering the § 1658 arguments. *See Young v. Sabbatine,* No. 97–5169, 1998 WL 136559 (6th Cir. Mar.19, 1998). The Ninth Circuit Court of Appeals has ruled § 1658 inapplicable to discrimination claims that accrued prior to the effective date of the 1991 amendments to § 1981. *See Flores v. Coley,* No. 94–17205, 1995 WL 732651 (9th Cir. Dec.8, 1995). That court has not addressed the applicability of § 1658 to claims accruing since the amendments of 1991.

highlighted should convince reasonable observers that the 1991 amendments, being an *act* of Congress and being *enacted* themselves, fall within the coverage of § 1658. It was enacted and it created and affirmed new causes of action. Congress clearly wanted new federal causes of action covered by § 1658. The Court's interpretation furthers that intent.

Before deciding to apply § 1658 as the statute of limitations for all § 1981 claims, the Court must carefully reconcile one other difficulty. To construe § 1658 strictly could mean applying it only to those causes of action created in the 1991 amendment. After all, the § 1981 causes of action which *Patterson* recognized had existed for 125 years; they did not arise from a subsequent enactment of Congress. To follow this reasoning literally, however, would create two different limitation periods within the same interrelated § 1981 claim. Congress certainly could not have intended or envisioned such a result. Such an interpretation would create uncertainty, confusion and potential unfairness—exactly the opposite of what Congress intended. The absurdity of such a result is reason enough to reject it.

At this point the Court must decide whether it is best to ignore the purpose and intent of § 1658 altogether. Indeed, it seems that the current majority has opted for this approach, not applying § 1658 to any § 1981 claims. The Court finds this unsatisfactory in a fundamental way. It values consistency a great deal more than it does the language, purpose and intent of the statute. Another much more reasonable interpretation seems apparent from these circumstances. It is no less consistent in its result and analysis, while being more faithful to Congressional intent.

In a literal sense Congress did re-enact the entire, newly expanded version of § 1981. By doing so, it created by re-enactment all the § 1981 causes of action. Not every amendment would qualify as a re-enactment; not every amendment creates new causes of action. However, in this circumstance, both have occurred—the amendment re-enacts existing rights while simultaneously creating new causes of action. Therefore, from the broader perspective, it seems more faithful to the intent of § 1658 to acknowledge the re-enactment and expansion of § 1981 rather than to disregard it. It seems the lesser of several potential inconsistencies to apply § 1658 to § 1981 as amended in its entirety, rather than to disregard the language and intent of § 1658 altogether. This interpretation is faithful to the process which has occurred and honors Congressional intent to create uniform statute of limitations for new federal causes of action. Taken together, these reasons persuade the Court that § 1658 should apply to these circumstances.

The Court will enter an order consistent with this Memorandum Opinion.

### ORDER

Defendant has moved to dismiss Plaintiff's claims under 42 U.S.C. § 1981 because those claims are barred by the one-year Kentucky statute of limitations applicable to personal injuries. In its Memorandum Opinion, the Court has concluded that 28 U.S.C. § 1658 provides the statute of limitations applicable to these claims. The Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment as to Plaintiff's 42 U.S.C. § 1981 claims is DENIED.